RECEIPT # 63238
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-5-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERENCE LONG, MARK MCKEOWN PETER PAPASSO, AND MARK WALSH,  Plaintiffs  v.  CITY OF BOSTON, MASSACHUSETTS, THOMAS MENINO, in his capacity as Mayor of the City of Boston, KATHLEEN O'TOOLE, in her capacity as Commissioner of the Boston Police Department, RUTH BRAMSON, in her capacity as Director of the Human Resource Division of the Commonwealth of Massachusetts, and, the COMMONWEALTH OF MASSACHUSETTS,  Defendants. | Docket No.  Jury Trial Requested  05 10661 PBS  MAGISTRATE JUDGE _____ |

**COMPLAINT, PRELIMINARY INJUNCTIVE AND
COMPENSATORY RELIEF REQUESTED, AND JURY DEMAND**

The plaintiffs bring this Complaint against the defendants and state as follows:

## I. INTRODUCTION.

1. This is an action for injunctive and compensatory relief challenging the Defendants' unconstitutional system for determining which individuals are hired for entry-level police officer positions in the Boston Police Department. In or about March of 2002, and again in October of 2003, the Plaintiffs, despite having a score of one hundred (100) on the entry-level police officer examination for the City of Boston, and despite their law enforcement or related

1

experience, were not selected for the position of police officer in the City of Boston. Plaintiffs were not selected because of their race (Caucasian) and because the Defendants continued to maintain or permit a quota-based system based on race to determine entry-level hiring when such a system is no longer constitutionally permissible. Further, the Defendants have unlawfully failed to institute a nondiscriminatory selection procedure, as required by law, for such entry-level hiring, and they have hired officers from all female lists without a legal basis for doing so. The plaintiffs seek to be hired as Boston police officers, with back pay, appropriate seniority and benefits.

## II.   JURISDICTION AND VENUE.

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 in that this claim arises under the Federal Equal Protection clause of the Fourteenth Amendment. Venue is proper pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES.

3.   The Plaintiffs were at all times relevant hereto adult residents of Boston, Massachusetts. Each has a lifelong goal of being a Boston Police Officer. Each of the plaintiffs has experience in criminal justice and/or is otherwise well qualified to be a police officer.

4.   The Defendant City of Boston is a duly incorporated municipality of the Commonwealth of Massachusetts, and it maintains a police department.

5.   The Defendant Thomas Menino is the Mayor of the City of Boston and in that capacity is responsible for the overall operation and administration of the City of Boston.

6. The Defendant Kathleen O'Toole is the Commissioner of the Boston Police Department ("BPD") and in that capacity currently acts as the appointing authority for the City of Boston, as that term is defined in Mass. Gen. Laws, ch. 31.

7. The Defendant Ruth Bramson is the Chief Human Resources Officer for the Commonwealth of Massachusetts, and in that capacity is responsible for the overall administration of the Human Resources Division ("HRD"), which division administers the entry-level civil service testing and hiring lists for the Boston Police Department.

8. The Defendant Commonwealth of Massachusetts is a state of the United States of America and by statute is responsible for providing civil service lists to municipalities which are part of the civil service system governed by Mass. Gen. Laws, ch. 31.

## IV. STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF PLAINTIFFS.

9. As a first step in the application process to become a Boston Police Officer, applicants are required to take the Massachusetts Civil Service Examination, which is given by HRD. During 2001, the plaintiffs took the Civil Service examination for the position of police officer in the Boston Police Department.

10. The Plaintiffs each received a perfect score of one hundred (100) on the examination. As a result, the Plaintiffs were ranked on the Civil Service List just below disabled veterans, veterans, and candidates with a parent who was killed or injured in the line of duty as a police officer or fire fighter, and those who had received scores greater than 100.

11. In or about March of 2002, the City of Boston hired approximately 48 new police officers from the Civil Service List described above. Plaintiffs' names were not reached. In

October of 2003, the Boston Police Department hired another 56 new police officers utilizing the Civil Service List described above. Again, Plaintiffs' names were not reached.

12. On information and belief, during both rounds of hiring (March of 2002 and October of 2003), the Defendants utilized a hiring system for a majority of the individuals hired, in which it created at least two separate Civil Service Lists, one for minorities (Blacks and Hispanics) and one for Caucasians. In addition, Plaintiffs believe that on at least one occasion during this period of time a separate list of female candidates was also utilized for purposes of hiring.

13. A majority of the individuals hired were chosen by a quota-based system wherein one minority candidate was hired for every one Caucasian candidate hired, regardless of the minority candidate's score on the Civil Service examination and regardless of his or her qualifications. In addition, on information and belief, some hirings were made solely because the candidates were women.

14. Plaintiffs had received higher scores on the Civil Service Test and ranked higher on the Civil Service List than many of the minority and female officers selected. In addition, had the Defendants utilized a race and gender neutral system based solely upon the Civil Service examination score and qualifications, without consideration of race or gender, Plaintiffs would have been hired and/or considered to be Boston Police Officers.

V. **FACTS RELATING TO DEFENDANTS' UNLAWFUL RELIANCE ON THE CASTRO V. BEECHER DECREE.**

15. In or about 1975, after the City of Boston was found to have unintentionally discriminated against minority police officers with respect to the entrance exam for police officers and fire fighters, (see Castro v. Beecher, 365 F.Supp. 655 (D. Mass. 1973)), the parties

4

in that litigation entered into a proposed consent decree that was approved by this Court. See, NAACP v. Beecher, 504 F.2d 1017 (1st Cir., 1975). The parties to that litigation agreed that for the City of Boston, police applicants would be hired by selecting one minority police officer for each white police officer. See, Castro v. Beecher, et al., 522 F.Supp. 873 (D. Mass. 1981).

16. Pursuant to the Court's decision, the City of Boston was also obligated to devise a job-related, nondiscriminatory selection process for the entry-level position of police officer, so that in the future the Department would not use a discriminatory selection process in hiring. Id.

17. The City of Boston and the other Defendants were obligated under the consent decree to continue hiring for the BPD based on a one minority to one white ratio until such time as the number of minority police officers in the Boston Police Department approximated the number of minorities in the relevant labor pool.

18. As of the two rounds of hiring conducted by the Defendant City of Boston in March of 2002 and then later in October of 2003, the number of minority entry-level police officers for the City of Boston had achieved rough parity with the number of minorities in the relevant labor pool.

19. As of the two rounds of hiring described above, the Defendants had no constitutionally justifiable reason for setting a quota requiring a specific number of female police officers to be hired.

20. In addition, on information and belief, the Defendants have never complied with that part of the court's order in Castro v. Beecher, supra, requiring them to devise a valid nondiscriminatory selection process for the position of police officer in the City of Boston, thereby making unlawful its continued reliance on a quota system 28 years after the Castro court decree.

## COUNT 1 – EQUAL PROTECTION, 42 U.SC. § 1983

21. The preceding allegations are incorporated herein.

22. The City's policy and practice, under color of law, of favoring minority and female individuals in police hiring constitutes intentional discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, enforceable against States and their subdivisions by virtue of 42 U.S.C. § 1983.

23. The City's discriminatory hiring practices were conducted pursuant to an official policy and established practice, thus subjecting the City to municipal liability under 42 U.S.C. § 1983.

24. The actions of Ruth Bramson and the Commonwealth of Massachusetts have authorized, allowed and directed the discriminatory hiring system to exist and continue.

25. Plaintiffs have been damaged in the form of lost wages, lost seniority in the police department, and emotional distress and suffering. Moreover, they have no adequate remedy at law and are entitled to injunctive relief, ordering the City of Boston to hire them as police officers.

26. In addition, Plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1988.

## COUNT 2 – 42 U.S.C. § 1981

27. The preceding allegations are incorporated herein.

28. The City's practice, under color of law, of favoring minority and female individuals in police hiring constitutes intentional discrimination and thus violates 42 U.S.C. § 1981.

29. The actions of Ruth Bramson and the Commonwealth of Massachusetts have authorized, allowed and directed the discriminatory hiring system to exist and continue.

30.  The defendants' discriminatory hiring practices were conducted pursuant to an official policy and established practice, thus subjecting the defendants to liability under 42 U.S.C. § 1981.

31.  Plaintiffs have thus been damaged in the form of lost wages, lost seniority in the fire department, and emotional distress and suffering. Moreover, they have no adequate remedy at law and are entitled to injunctive relief, ordering the City of Boston to hire them as police officers.

32.  In addition, Plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1988.

## COUNT 3

### (Title VII)

33.  The preceding allegations are incorporated herein.

34.  The actions of the Defendants as set forth herein violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et. seq.

WHEREFORE, Plaintiffs pray for:

(A)  A Preliminary and Permanent Injunction, ordering the City to hire plaintiffs as police officers with the amount of seniority they would have had had the City hired them from one of the three requisitions;

(B)  Damages reflecting back pay, lost benefits, front pay and emotional distress and mental suffering, as well as interest;

(C)  Attorneys fees and costs;

(D)  Such other relief as may be just.

### JURY TRIAL REQUEST

Plaintiffs request trial by jury on all issues so triable.

Respectfully Submitted,

TERENCE LONG, MARK MCKEOWN,
PETER PAPASSO AND MARK WALSH,

By Their Attorneys:

SHEEHAN, PHINNEY, BASS + GREEN,
Professional Association

By: _____
Mark Ventola
BBO# 549570
260 Franklin Street
Suite 1901
Boston, MA 02110
(617) 897-5630

Dated: April 5, 2005

8

℅JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Terence Long, Mark McKeown, Peter Papasso, and Mark Walsh

**DEFENDANTS** City of Boston, Thomas Menino, Kathleen O'Toole, Ruth Bramson, and Commonwealth of Massachusetts

(b) County of Residence of First Listed Plaintiff: **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): 617-897-5600
Mark Ventola
Sheehan Phinney Bass + Green, PA
260 Franklin St., Ste. 1901, Boston, MA 02110

Attorneys (If Known): **05 10661 P**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Discrimination in hiring entry level police offices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: Saris, J.
DOCKET NUMBER: 03-12538-PBS

DATE: 4/5/05
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Terence Long v. City of Boston__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Deleo v. City of Boston - 03-12538-PBS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Mark Ventola, c/o Sheehan Phinney Bass + Green, PA___
ADDRESS ___260 Franklin St., Suite 1901, Boston, MA 02110___
TELEPHONE NO. ___617-897-5600___

(CategoryForm.wpd - 2/15/05)