# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TERENCE LONG, *et al.*,

                          Plaintiffs,

               v.                                              CIVIL ACTION
                                                              NO. 05-10661-PBS
CITY OF BOSTON, *et al.*,

                          Defendants.

## ANSWER OF THE STATE DEFENDANTS

The Commonwealth of Massachusetts and Ruth Bramson, in her capacity as Director of the Human Resources Division (together, "State defendants") answer the plaintiffs' Complaint, Preliminary Injunctive and Compensatory Relief Requested, and Jury Demand ("Complaint") as follows:

## I.    INTRODUCTION

1.    The Complaint's introduction is a summary of the case and legal analysis requiring neither admittance nor denial.  If, however, the Introduction is deemed to include factual allegations requiring a response, the State defendants deny the allegations stated therein, except that they admit that the plaintiffs scored 100 points on the entry-level police officer examination administered by the Human Resources Division ("HRD") in the spring of 2001 and that they were not selected for an entry-level position in the Boston Police Department in either 2002 or 2003.

II.     **JURISDICTION AND VENUE**

2.     Paragraph 2 contains a statement of law to which no response is necessary.

III.     **PARTIES**

3.     The State defendants admit that the records of HRD reflect that the plaintiffs registered for the 2001 civil service examination for entry-level police officers as adult residents of Boston. The State defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.     The State defendants admit the allegations contained in paragraph 4.

5.     The State defendants admit the allegations contained in paragraph 5.

6.     The State defendants admit the allegations contained in paragraph 6.

7.     The State defendants admit the allegations contained in paragraph 7.

8.     The State defendants admit that the Commonwealth of Massachusetts is a state of the United States of America and that there is in Massachusetts a civil service system governed by Mass. Gen. Laws, ch. 31.  The State defendants deny the other allegations contained in paragraph 8.  Further answering, the State defendants state that HRD by statute is responsible for providing civil service lists to municipalities which are part of the civil service system governed by Mass. Gen. Laws, ch. 31.

IV.     **STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF PLAINTIFFS.**

9.     The State defendants admit the allegations contained in paragraph 9.

10.     The State defendants admit that each plaintiff scored 100 points on the 2001 civil service examination for entry-level police officers.  The State defendants admit that the plaintiffs were lower on the civil service eligibility list than "disabled veterans, veterans, and candidates

with a parent who was killed or injured in the line of duty as a police officer or fire fighter, and those who had received scores greater than 100." The State defendants deny the remaining allegations contained in paragraph 10.

11.     The State defendants admit that the City of Boston hired approximately 56 new police officers in March of 2002 and approximately 57 new police officers in October of 2003. The State defendants admit that the plaintiffs' names were not reached on either occasion. The State defendants deny that the hirings in March 2002 and October 2003 were done solely from "the Civil Service List described above." The State defendants deny the remaining allegations contained in paragraph 11.

12.     The State defendants deny the allegations contained in the first sentence of paragraph 12. The State defendants admit the allegations contained in the second sentence of paragraph 12.

13.     The State defendants deny the allegations contained in paragraph 13.

14.     The State defendants deny the allegations contained in the first sentence of paragraph 14. On information and belief, the State defendants deny that the City of Boston would have hired the plaintiffs if the defendants had "utilized a race and gender neutral system based solely upon the Civil Service examination score and qualifications, without consideration of race or gender." The State defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 14.

V.     **FACTS RELATING TO DEFENDANTS' RELIANCE ON THE *CASTRO v. BEECHER* DECREE.**

15.     The State defendants state that the first sentence of paragraph 15 contains a summary of facts and law allegedly set forth in cited cases, which requires no response since the

cases speak for themselves.  Further answering, the State defendants deny the allegations contained in the second sentence of paragraph 15, and specifically deny that the Boston Police Department has ever been required to hire police officers by selecting "one minority police officer for each white police officer."

16.    The State defendants deny the allegations contained in paragraph 16.

17.    The State defendants deny the allegations contained in paragraph 17.

18.    The State defendants deny the allegations contained in paragraph 18.

19.    The State defendants deny the allegations contained in paragraph 29.

20.    The State defendants deny the allegations contained in paragraph 20.

## COUNT 1
### (Equal Protection, 42 U.S.C. § 1983)

21.    In response to paragraph 21, the State defendants incorporate by reference their answers to the allegations contained in paragraphs 1-20.

22.    The State defendants deny the allegations contained in paragraph 22.

23.    The State defendants deny the allegations contained in paragraph 23.

24.    The State defendants deny the allegations contained in paragraph 24.

25.    The State defendants deny the allegations contained in paragraph 25.

26.    The State defendants deny the allegations contained in paragraph 26.

## COUNT 2
### (42 U.S.C. § 1981)

27.    In response to paragraph 27, the State defendants incorporate by reference their answers to the allegations contained in paragraphs 1-26.

28.    The State defendants deny the allegations contained in paragraph 28.

29.    The State defendants deny the allegations contained in paragraph 29.

30.    The State defendants deny the allegations contained in paragraph 30.

31.    The State defendants deny the allegations contained in paragraph 31.

32.     The State defendants deny the allegations contained in paragraph 32.

## COUNT 3

### (Title VII)

33.     In response to paragraph 33, the State defendants incorporate by reference their answers to the allegations contained in paragraphs 1-32.

34.     The State defendants deny the allegations contained in paragraph 34.

## JURY DEMAND

The State defendants demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For the reasons that follow, the plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations period, by the doctrine of laches, and/or by the doctrine of waiver.

### Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their Complaint fails to state a case or controversy sufficiently real to give this Court jurisdiction to hear the Complaint.

### Fourth Affirmative Defense

The State defendants at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

### Fifth Affirmative Defense

The hiring process under challenge in this case was in full compliance with the applicable

-5-

provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

### Sixth Affirmative Defense

The actions taken by the State defendants in this matter were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs' claims should be dismissed.

### Seventh Affirmative Defense

The employment actions taken by the defendants were motivated, in part, by the compelling interest in remedying the vestiges of past discrimination and in providing the citizens of the Commonwealth with a police force protecting the Commonwealth's capital city that reflects the diversity of the State.

### Eighth Affirmative Defense

The defendants' actions were a narrowly tailored method of overcoming the vestiges of past discrimination and of providing the citizens of the Commonwealth with a police force that reflects the diversity of the community.

### Ninth Affirmative Defense

The defendants' actions were based on reasonable, non-discriminatory, criteria that took into account the legitimate business and operational needs of the Boston Police Department.

### Tenth Affirmative Defense

Plaintiffs fail to state a claim for relief under Title VII in that the plaintiffs and the State defendants are not in an employment relationship.

### Eleventh Affirmative Defense

No legitimate expectations of the plaintiffs were frustrated or encumbered by the State defendants' actions, as plaintiffs would not have been reached even had the State defendants not

performed any of the actions challenged herein.

### Twelfth Affirmative Defense

The Complaint against the Commonwealth is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity.

### Thirteenth Affirmative Defense

The plaintiffs' demand for money damages against the State defendants, whether compensatory or punitive, is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity.

### Fourteenth Affirmative Defense

Ruth Bramson is protected by the doctrines of sovereign and qualified immunity.

### Fifteenth Affirmative Defense

Any violations of the plaintiffs' civil rights or other alleged rights enumerated in the Complaint were caused by the actions or inaction of third parties.

### Sixteenth Affirmative Defense

This action is barred because the plaintiffs have failed to exhaust their administrative remedies.

### Seventeenth Affirmative Defense

The State defendants expressly reserve the right to amend this Answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

**WHEREFORE**, the State defendants request that this Court:  (1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice; (2) award costs and attorneys' fees to the defendants; and (3) order such other relief as this Court deems just and proper.

Respectfully submitted,

THE COMMONWEALTH
OF MASSACHUSETTS and
RUTH BRAMSON,  in her capacity as
Director of the Human Resources Division

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


 /s/ Victoria S. Cole
Ronald F. Kehoe, BBO # 264260
Victoria S. Cole, BBO # 654996
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2619 (Kehoe)
                          ext. 2083 (Cole)

Dated: May 20, 2005

**Certificate of Service**

    I hereby certify that on May 20, 2005, I served this Answer on counsel for all other
parties by filing it electronically and, where necessary, by first-class U.S. mail, postage prepaid.

                    /s/ Victoria S. Cole
                    Victoria S. Cole