UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-10661-PBS

TERENCE LONG, MARK MCKEOWN, PETER PAPASSO, MARK WALSH,
And ROBERT BOTTARY,
    Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, THOMAS MENINO, in his capacity as Mayor of the City if Boston; KATHLEEN O'TOOLE, in her capacity as Commissioner of the City of Boston; RUTH BRAMSON, in her capacity as Chief Human Resources Officer of the Commonwealth of Massachusetts; and the COMMONWEALTH OF MASSACHUSETTS,

    Defendants.

**DEFENDANT CITY OF BOSTON'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now comes the Defendant City of Boston (hereinafter referred to as the "City Defendant") and answers the Plaintiffs' First Amended Complaint (hereinafter "Complaint") as follows:[1]

## I.   INTRODUCTION

1.   This introduction is a summary of the case and legal analysis requiring neither admittance nor denial.  If, however, the Introduction is deemed to include factual allegations requiring a response, the City Defendant denies the allegations therein, except that it admits that the Plaintiffs scored 100 points on the entry-level police officer examination administered in the spring of 2001 and that they were not selected for an

---

[1] The parties have previously filed Stipulations of Dismissal as to Defendants Menino and O'Toole, entered by the Court on April 29, 2005.  Accordingly, no Answer is filed on their behalf.

1

entry-level position in the Boston Police Department in either 2002 or 2003. Further stating, the City Defendant denies that the Boston Police Department employs a "quota-based system based on race to determine entry-level hiring," denies unlawfully discriminating against the Plaintiffs, and denies acting without legal basis or in violation of any state or federal law applicable to this situation.

## II. JURISDICTION AND VENUE

2. Paragraph two contains a statement of law to which no response is necessary.

## III. PARTIES

3. The City Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph three.

4. The City Defendant admits the allegations in paragraph four.

5. The City Defendant admits the allegations in paragraph five.

6. The City Defendant admits the allegations in paragraph six.

7. The City Defendant admits the allegations in paragraph seven.

8. The City Defendant admits the allegations in paragraph eight.

## IV. STATEMENT OF FACTS RELATING OT THE NON-SELECTION OF PLAINTIFFS.

9. The City Defendant admits the allegations in paragraph nine.

10. The City Defendant admits that the Plaintiffs scored a one hundred (100) on the written component of the April, 2001 civil service examination. The City Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph ten.

11. The City Defendant admits hiring approximately fifty-six (56) new police officers in March of 2002 and approximately fifty-seven (57) new police officers in October of 2003. The City Defendant admits that the Plaintiffs' names were not reached. The City Defendant denies that the hiring in March 2002 and October 2003 were done solely from "the Civil Service List described above." The City Defendant denies the remaining allegations in paragraph eleven.

12. The City Defendant denies the allegations in the first sentence of paragraph twelve. The City Defendant admits the allegations in the second sentence of paragraph twelve.

13. The City Defendant denies that it utilized a "quota-based system wherein one minority candidate was hired for every one Caucasian candidate hired." In addition, the City Defendant denies hiring candidates "solely because the candidates were women." The City Defendant denies the remaining allegations in paragraph thirteen.

14. The City Defendant denies the allegations contained in the first sentence of paragraph fourteen. On information and belief, the City Defendant denies that it would have hired the Plaintiffs if the Defendants "utilized a race and gender neutral system based solely upon Civil Service examination score and qualifications, without consideration of race or gender." The City Defendant lacks sufficient information to either admit or deny the allegations in paragraph fourteen.

V. **FACTS RELATING TO DEFENDANTS' RELIANCE ON THE CASTRO V. BEECHER DECREE.**

15. The City Defendant states that the first sentence in paragraph fifteen contains a summary of facts and law allegedly set forth in cited cases and requires no response since the cases cited speak for themselves. Further answering, the City

3

Defendant denies the allegations in the second sentence and specifically denies that the Boston Police Department has ever been required to hire police officers by selecting "one minority police officer for each white police officer."

16. The City Defendant denies the allegations in paragraph sixteen.

17. The City Defendant denies the allegations in paragraph seventeen.

18. The City Defendant admits that this Court's Memorandum and Order of November 23, 2004 in *DeLeo et al v. City of Boston et al.,* C.A. No. 03-12538-PBS held, in part, that the City had achieved the goal of the Castro decree in October 2003, and thus the City's adherence to the decree in the October 2003 hiring cycle was unconstitutional. The City Defendant denies the remaining allegations in paragraph eighteen.

19. The City Defendant denies the allegations in paragraph nineteen.

20. The City Defendant denies the allegations in paragraph twenty.

**COUNT 1 – EQUAL PROTECTION, 42 U.S.C. § 1983**

21. The City Defendant repeats its answers to paragraphs one through twenty of the Complaint.

22. The City Defendant denies the allegations in paragraph twenty-two.

23. The City Defendant denies the allegations in paragraph twenty-three.

24. The City Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph twenty-four.

25. The City Defendant denies the allegations in paragraph twenty-five.

26. The City Defendant denies the allegations in paragraph twenty-six.

**COUNT 2 – 42 U.S.C. § 1981**

27. The City Defendant repeats its answers to paragraphs one through twenty-six of the Complaint.

28. The City Defendant denies the allegations in paragraph twenty-eight.

29. The City Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph twenty-nine.

30. The City Defendant denies the allegations in paragraph thirty.

31. The City Defendant denies the allegations in paragraph thirty-one.

32. The City Defendant denies the allegations in paragraph thirty-two.

## COUNT 3 – TITLE VII

33. The City Defendant repeats its answers to paragraphs one through thirty-two of the Complaint.

33. The City Defendant denies the allegations in paragraph thirty-three.

### JURY DEMAND

The City Defendant demands a trial by jury on all claims so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

#### Third Affirmative Defense

Because Plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the complaint.

### Fourth Affirmative Defense

The City Defendant at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

### Fifth Affirmative Defense

The City Defendant's hiring process was in compliance with the applicable provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

### Sixth Affirmative Defense

The employment actions taken by the City Defendant were motivated by legitimate, nondiscriminatory concerns and therefore the Plaintiffs' claims should be dismissed.

### Seventh Affirmative Defense

The employment actions taken by the City Defendant were motivated, in part, by the compelling interest in remedying the vestiges of past discrimination and it providing the citizens of the City of Boston with a police force that reflects the diversity of the City.

### Eighth Affirmative Defense

The City Defendant's actions were a narrowly tailored method of overcoming the vestiges of past discrimination and of providing the citizens of the City of Boston with a police force that reflects the diversity of the community.

### Ninth Affirmative Defense

The City Defendant's actions were based on reasonable, non-discriminatory, criteria that took into account the legitimate business and operational needs of the Boston Police Department.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by the Massachusetts Tort Claims Act, M.G.L. c. 258, as the City Defendant was performing discretionary functions and duties or are otherwise entitled to immunity under the Act. Moreover, Plaintiffs' claims are further subject to the liability limitations provided under the Act at M.G.L. c. 258, § 2.

### Eleventh Affirmative Defense

The Plaintiffs' legitimate expectations were not frustrated or encumbered by the City Defendant's actions, as Plaintiffs would not have been reached even had the City not performed the employment action challenged herein.

### Twelfth Affirmative Defense

The Plaintiffs are not entitled to punitive damages against the City Defendant.

### Thirteenth Affirmative Defense

The Plaintiffs' claims are barred by the statute of limitations.

### Fourteenth Affirmative Defense

The City Defendant expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

WHEREFORE, the City Defendant requests that this Court:

(1) dismiss the Plaintiffs' action and deny their prayers for relief with prejudice;

(2) award costs and attorneys' fees to the Defendant; and

(3) order such other relief as this court deems just and proper.

DEFENDANT CITY OF BOSTON,
Merita A. Hopkins
Corporation Counsel, City of Boston
By its attorney,

S/Stephen G. Cox
_____
Stephen G. Cox, BBO# 566943
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4064