UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---
TERENCE LONG, MARK MCKEOWN, )
PETER PAPASSO, AND )
MARK WALSH, )
 )
          Plaintiffs, )
 )
v. ) Docket No. 05CV-10661-PBS
 )
CITY OF BOSTON, MASSACHUSETTS, )
RUTH BRAMSON, in her capacity as )
Director of the Human Resource Division )
of the Commonwealth of Massachusetts, )
and, the COMMONWEALTH OF )
MASSACHUSETTS, )
 )
          Defendants. )
--- )

**JOINT STATEMENT OF PLAINTIFFS AND CITY OF BOSTON FILED PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to the Notice of Scheduling Conference, and in anticipation of the conference to be held on July 7, 2005, counsel for the Plaintiffs and the City have conferred for the purpose of (1) preparing an agenda of matters to be discussed at the Scheduling Conference; (2) the parties' positions concerning a proposed pretrial schedule for the case; and (3) considering whether they will consent to trial by a Magistrate Judge. Counsel for Ruth Bramson and the Commonwealth of Massachusetts has not commented on this Joint Statement. Based upon this conference, the Plaintiffs and the City of Boston submit the following:

I. **PROPOSED AGENDA FOR CONFERENCE**

Counsel for the plaintiffs believes that, in light of the <u>Deleo</u> decision, the first agenda item should be a discussion of the most efficient way to deal with this case. Each of these plaintiffs scored a 100 on the 2000 police examination, and is in the same or better position than any of the plaintiffs in the <u>Deleo</u> case, as demonstrated by the applicable civil service lists. Given the result in the <u>Deleo</u> case, the most important question in this case should be fashioning an appropriate remedy. In accordance with the obligations imposed under Local Rule 16.1(C), counsel for the plaintiffs has presented a reasonable written settlement proposal to counsel for the City that addresses the remedy issue.

II. **PROPOSED PRETRIAL AND DISCOVERY SCHEDULE**

Assuming that the parties cannot reach an acceptable, early settlement of this case, counsel for the plaintiffs believes that there should be a <u>first</u> <u>phase</u> of discovery designed to obtain the information needed to file a Motion for Summary Judgment addressing the instatement question only. Should there be a need for additional, and presumably damages, discovery, after the Motion for Summary Judgment is heard and decided, counsel for the plaintiffs suggests that an additional three months should be more than sufficient to complete any damages-related discovery. Accordingly, counsel for the plaintiffs suggests the following schedule:

- Automatic Disclosures – exchanged by July 29, 2005;
- First phase of discovery – concluded by October 30, 2005;
- Motions for Summary Judgment – filed by November 30, 2005;
- Remedy discovery – to be determined after a decision on the Motion for Summary Judgment, but in no event to exceed three months.

- 3 -

III. **MAGISTRATE JUDGE**

The parties do not agree to a trial of this matter by a Magistrate Judge at this time.

IV. **RULE 16.1(D)(3)**

The parties have submitted their certifications to the Court separately.

Respectfully Submitted,
TERENCE LONG, MARK MCKEOWN,
PETER PAPASSO AND MARK WALSH,
By Their Attorneys:
SHEEHAN, PHINNEY, BASS + GREEN,
Professional Association

By: /s/Mark Ventola
Mark Ventola
BBO# 549570
260 Franklin Street
Suite 1901
Boston, MA 02110
(617) 897-5630

Respectfully Submitted,
Defendant,
CITY OF BOSTON
By Its Attorneys:

By: /s/ Stephen Cox
Stephen Cox, Esq.
BBO# 566943
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, MA 02201

Dated: June 28, 2005