UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERENCE LONG, MARK MCKEOWN, PETER PAPASSO, MARK WALSH, AND ROBERT BOTTARY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BOSTON, MASSACHUSETTS, RUTH BRAMSON, in her capacity as Director of the Human Resource Division of the Commonwealth of Massachusetts, and, the COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) )  Docket No. 05CV-10661-PBS ) ) ) ) ) ) ) ) ) ) ) |

## JOINT MOTION OF THE PARTIES REQUESTING APPROVAL OF PROPOSED INTERIM ORDER REGARDING INSTATEMENT

The plaintiffs Long, Papasso, Walsh and Bottary[1], and the Defendants hereby jointly move, pursuant to Fed.R.Civ.P. 7 and 16, and L.R.D.Mass. 7.1 and 16.3, for an Order by the Court providing guidelines for instatement of Plaintiffs as Boston Police Officers. In support of their Joint Motion, the parties state as follows:

1.   Pursuant to their obligations under L.R. D.Mass. 16. 1(C), and the parties' representations to the Court, the parties have reached an agreement that would resolve this litigation. This agreement was reached shortly after a mediation conducted on October 24, 2005 by Magistrate Judge Dein. The delay in filing this motion and the proposed order has been due to

---

[1] The plaintiff Mark McKeown is not a party to this motion.

the fact that not all of the plaintiffs are similarly situated and not all ultimately agreed to the terms of the proposed order.

    2.    Pursuant to the mandate of <u>Deleo, et als. v City of Boston, et als.</u>, Docket No. 03-12538-PBS, the parties believe that the suggested resolution is reasonable.

    3.    Because one element of Plaintiffs' requested relief, however, is the opportunity pursuant to civil service law and Boston eligibility requirements to be certified as police officer candidates, Boston believes any action by Boston on this request first requires a court order.

    4.    The proposed Order addresses a potential instatement remedy only,[2] and the intent of the parties is that this proposed Order apply to the four named Plaintiffs only.

WHEREFORE the parties respectfully request that the Court grant this Joint Motion and enter an Order consistent with the Proposed Order attached hereto.

| | |
|---|---|
| Respectfully Submitted,<br>TERENCE LONG,<br>PETER PAPASSO, MARK WALSH AND,<br>ROBERT BOTTARY<br>By Their Attorneys:<br>SHEEHAN, PHINNEY, BASS + GREEN,<br>Professional Association | Respectfully Submitted,<br>DEFENDANT,<br>CITY OF BOSTON,<br><br><br>By Its Attorneys: |
| By:   /s/Mark Ventola<br>       Mark Ventola<br>       BBO# 549570<br>       One Boston Place<br><br>       Boston, MA 02108<br>       (617) 897-5630 | By:   /s/ Susan Weise<br>       Susan Weise<br>       BBO# 545455<br>       Assistant Corporation Counsel<br>       City of Boston Law Department<br>       Room 615, Boston City Hall<br>       Boston, MA 02201 |

---

[2] Plaintiffs intend to present to Boston, and Boston intends to consider in good faith, a Fee Petition prior to final resolution of this matter. To the extent the parties cannot agree on same, they may seek further assistance from the Court.

Respectfully Submitted,
DEFENDANT,
COMMONWEALTH OF MASSACHUSETTS
AND RUTH BRAMSON,
By Their Attorneys:
THOMAS F. REILLY
ATTORNEY GENERAL

By:   /s/ Ronald F. Kehoe
      Ronald Kehoe
      BBO# 264260
      Assistant Attorneys General
      Government Bureau
      One Ashburton Place, Room 2019
      Boston, MA 02108-1698
      (617) 727-2200, ext. 2619


Local Rule 7.1(2) Certificate

I, Mark Ventola, hereby certify that I have discussed this Joint Motion with all counsel of record in this case and that Ronald Kehoe in behalf of the defendant Commonwealth and Susan Weise in behalf of the defendant City of Boston both join in this motion. I have attempted to contact Joseph Donnellan, who now represents the plaintiff Mark McKeown, on multiple occasions, but he has not responded.

DATED: September 11, 2006                    /s/ Mark Ventola

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-10661-PBS

TERENCE LONG, MARK MCKEOWN, PETER PAPASSO, MARK WALSH,
And ROBERT BOTTARY,[1]
    Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, RUTH BRAMSON, in her capacity as Chief Human Resources Officer of the Commonwealth of Massachusetts; and the COMMONWEALTH OF MASSACHUSETTS,

    Defendants.

## INTERIM ORDER REGARDING INSTATEMENT (PROPOSED)

Pursuant to the *Joint Motion of the Parties Requesting Approval of Proposed Interim Order Regarding Instatement*, it is hereby ordered as follows:

1. Instatement eligibility for four of the named Plaintiffs herein (Terence Long, Peter Papasso, Mark Walsh and Robert Bottary)("Long Plaintiffs"), each having been given a conditional offer of employment by the appointing authority City of Boston ("City"), shall be contingent upon each Long Plaintiffs' satisfaction of the requirements applicable to all candidates for police officer positions in the Boston Police Department ("BPD"), specifically: (a) passing the BPD's medical and psychological examinations; (b) passing a background check and drug test; (c) passing the required physical agility test; (d) compliance with the City's residency requirement; and (e) successful completion of academy training.  Once a Long

---

[1] Plaintiff Robert Bottary resigned from the Boston Police Department in October 2005 (two days before he was to enter the Police Academy) in order to join the City of Boston Fire Department as a firefighter.  He is thus withdrawing his claims against the City of Boston.

    Plaintiff has met the eligibility requirements for instatement, he shall be hired by the City.

2. For retirement purposes, each Long Plaintiff who successfully meets the eligibility requirements for instatement shall be deemed to have begun his employment as a City of Boston police officer in April 15, 2004.[2] Each Long Plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he been hired in April 15, 2004, along with a commensurate "bank" of personal time, sick time and vacation days, and will receive retroactive adjustments in pay for time worked since their date of hire. Any benefits granted to the Long Plaintiffs pursuant to this Order impacting on the rights of other police officers shall be subject to agreement by the applicable Boston police union.

3. This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a police officer by the City as a result of the City's enforcement of the so-called <u>Castro</u> decree, who is not a named Plaintiff herein.

DATED:_____  _____
                                                                               Hon. Patti B. Saris
                                                                               United States District Court

---

[2] For purposes of promotional opportunities, however, the Long Plaintiffs shall be deemed to have begun employment as a City of Boston Police Officer on their *actual* date of hire.