UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  0 -10661-PBS

---

TERENCE LONG, MARK MCKEOWN, PETER
PAPASSO, MARK WALSH,
And ROBERT BOTTARY,[1]
    Plaintiffs,

v.

CITY OF BOSTON, Massachusetts, RUTH
BRAMSON, in her capacity as Chief Human
Resources Officer of the Commonwealth of
Massachusetts; and the COMMONWEALTH OF
MASSACHUSETTS,

    Defendants.

---

## INTERIM ORDER REGARDING INSTATEMENT (PRO ?OSED)

Pursuant to the *Joint Motion of the Parties Requesting Approval of . 'roposed Interim Order Regarding Instatement*, it is hereby ordered as follows:

1. Instatement eligibility for four of the named Plaintiffs herein (T rence Long, Peter Papasso, Mark Walsh and Robert Bottary)("Long Plaintiffs"), e .c1 having been given a conditional offer of employment by the appointing authority ( it / of Boston ("City"), shall be contingent upon each Long Plaintiffs' satisfac ion of the requirements applicable to all candidates for police officer posi ions in the Boston Police Department ("BPD"), specifically: (a) passing the BPD' riedical and psychological examinations; (b) passing a background check ai d irug test; (c) passing the required physical agility test; (d) compliance with t ie City's residency requirement; and (e) successful completion of academy trainin . Once a Long

---

[1] Plaintiff Robert Bottary resigned from the Boston Police Department in October 2005 ( w) days before he was to enter the Police Academy) in order to join the City of Boston Fire Department as a firefi hter. He is thus withdrawing his claims against the City of Boston.

Plaintiff has met the eligibility requirements for instatement, he shall be hired by the City.

2. For retirement purposes, each Long Plaintiff who successfully meets the eligibility requirements for instatement shall be deemed to have begun his employment as a City of Boston police officer in April 15, 2004.[2] Each Long Plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he been hired in April 15, 2004, along with a commensurate "bank" of personal time, sick time and vacation days, and will receive retroactive adjustments in pay for time worked since their date of hire. Any benefits granted to the Long Plaintiffs pursuant to this Order impacting on the rights of other police officers shall be subject to agreement by the applicable Boston police union.

3. This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a police officer by the City as a result of the City's enforcement of the so-called Castro decree, who is not a named Plaintiff herein.

DATED: 9/13/06

Hon. Patti B. Saris
United States District Court

---

[2] For purposes of promotional opportunities, however, the Long Plaintiffs shall be deemed to have begun employment as a City of Boston Police Officer on their *actual* date of hire.